**STATE of Iowa, Appellee,**

v.

**Joel Kent MARTIN, Appellant.**

**No. 61569.**

Supreme Court of Iowa.

Jan. 24, 1979.

Jim C. Wells, Atlantic, for appellant.

Richard C. Turner, Atty. Gen., and J. C. Salvo, Shelby County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and McGIVERIN, JJ.

LeGRAND, Justice.

This is an appeal from a judgment by which defendant was sentenced to serve concurrent terms of not more than twenty years on one charge and not more than ten on the other after a jury had convicted him of violating both §§ 707.1 and 707.2, The Code, 1975. He appeals and we affirm.

The appeal raises two issues. Both concern the testimony of Connie Greve, an alleged accomplice. The defendant insists the jury should have been instructed she was an accomplice as a matter of law. He also argues there was not sufficient corroboration of her testimony to submit the case to the jury.

These prosecutions stem from a night spent by defendant in setting a number of fires in and about Shelby County. This case involves two which were set in that county. The other one discussed in the record was in Audubon County. Defendant's companion during this eventful evening was Connie Greve, sixteen years old. Apparently the reason for defendant's desire to set these fires was to "get even" with a man by the name of Blythman who owed him some money. Blythman had been evicted from the property first set on fire. Defendant thought he could set the fires and shift the blame on Blythman. This was all done to avenge a ten-dollar debt.

Connie Greve was with defendant during the whole evening. At the first fire, she went in the house while defendant started the fire. At the second fire—the one in Audubon County—she helped defendant start the blaze. When defendant started the third fire, she stayed in the car. During the trial, the court expressed the opinion Connie Greve was an accomplice as a matter of law. However, when instructing the jury, the trial court left that decision to the jury. This is what defendant assigns as error.

We had a somewhat similar situation in the case of *State v. Stufflebeam*, 260 N.W.2d 409, 412 (Iowa 1977). There, too, the trial court at one time indicated one of the witnesses was an accomplice as a matter of law but then submitted the matter to the jury to be decided as an issue of fact. We held that this was proper if the trial judge determined his first impression was wrong. As we said in *Stufflebeam*, a defendant has no vested interest in a court's erroneous ruling.

We believe Connie Greve was an accomplice as a matter of law only as to the second fire. This is the one which she helped start. However, defendant was not on trial for that fire, which occurred in another county. We are dealing with the other fires, in which Connie took no active part. As defendant argues, evidence of her complicity in setting all the fires is strong. The jury could easily have found she was an accomplice in defendant's overall criminal plan. However, the trial court was right in holding this was not established as a matter of law. See *State v. Sallis*, 238 N.W.2d 799, 802 (Iowa 1976). When the testimony is disputed or, if undisputed, when different inferences may be drawn from it, the question is one of fact for the jury. Under this record, we hold the question was properly submitted to the jury.

If the jury found Connie Greve was an accomplice the law requires that her testimony be corroborated. We must, therefore, consider defendant's claim that the required corroboration was lacking. There is no merit in this complaint. Defendant's testimony alone probably would have been sufficient to satisfy the rule. He verified Connie's story in almost every respect except the starting of the fires. He

admitted being with her both before and after this critical time. He agreed with her version of events—driving around the countryside; stopping for beer; visiting her brother and sister-in-law at a service station—except when they incriminated him. A defendant may himself supply the necessary corroboration. *See State v. Bizzett,* 212 N.W.2d 466, 468 (Iowa 1973). In addition, there is other corroborating evidence. A car answering the description of defendant's vehicle was observed leaving the scene of at least one of the fires about the time the blaze was discovered. Furthermore, the state fire inspector testified the first fire was started by igniting curtains piled in a closet, just as Connie had testified.

In order to be corroborative, the evidence must be such that it verifies the accomplice's testimony in significant part. Not every fact need be corroborated. It is enough if it can be fairly said the accomplice is corroborated in some material fact tending to connect defendant with the commission of the crime. *State v. Stufflebeam,* 260 N.W.2d at 412; *State v. Bizzett,* 212 N.W.2d 466, 468 (Iowa 1973); *State v. Jennings,* 195 N.W.2d 351, 356–57 (Iowa 1972). There was ample evidence to satisfy that rule in the present case.

We find no reversible error in the issues raised by defendant and the judgment is affirmed.

AFFIRMED.