# IN THE COURT OF APPEALS OF IOWA

No. 19-1300
Filed April 15, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAVION ROBINSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Tavion Robinson appeals from his sentences for second-degree burglary, third-degree burglary, and unauthorized use of a credit card. **AFFIRMED.**

Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Tyler J. Buller, Assistant Attorneys General, and Benjamin Kenkel, law student, for appellee.

Considered by Vaitheswaran, P.J., Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Following a bench trial, the district court found that Tavion Robinson broke into a home and car and made use of a stolen credit card. The court adjudged him guilty of second-degree burglary, third-degree burglary, and unauthorized use of a credit card and sentenced him to prison terms not exceeding ten years on the second-degree burglary count, five years on the third-degree burglary count, and two years on the unauthorized-use count, to be served concurrently.

On appeal, Robinson argues (1) the record contains insufficient evidence to corroborate accomplice testimony on the burglary charges and (2) the district court abused its discretion and considered an impermissible factor in sentencing him.

## I.      *Corroboration of Accomplice Testimony*

The district court set forth the elements of second-degree burglary as follows:

> A. On or about the 8th day of November, 2018, the defendant broke or entered into the residence at . . . Waterloo, Black Hawk County, Iowa.
> B. The residence at . . . Black Hawk County, Iowa, was an occupied structure.
> C. Persons were present in the occupied structure.
> D. The defendant did not have permission or authority to enter or break into the residence at . . . Black Hawk County, Iowa.
> E. The defendant did so with the specific intent to commit a theft.

*See* Iowa Code § 713.5 (2018). The district court set forth the elements of third-degree burglary as follows:

> A. On or about the 8th day of November, 2018, the defendant entered into an unoccupied motor vehicle owned by [certain individuals].
> B. The automobile was an occupied structure.

      C. The defendant did not have the permission or authority to break or enter into the automobile.

      D. The defendant did so with the specific intent to commit a theft.

*See id.* § 713.6A(2). Robinson contends, "other than [accomplice] testimony there is simply no evidence tying him to the burglaries, and accomplice testimony alone is not sufficient for a conviction."

Robinson's underlying premise is correct:

> A conviction cannot be had upon the testimony of an accomplice or a solicited person, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Iowa R. Crim. P. 2.21(3). Corroborating evidence need not be strong, but it must support some material part of the accomplice's testimony. *State v. Brown*, 397 N.W.2d 689, 694–95 (Iowa 1986).

Robinson's accomplice testified that he came from Coralville to Waterloo to "[v]isit and hang out." He and Robinson left an apartment "to go to Wal-Mart." They decided to check unlocked cars along the way for things to steal. As they walked, they "came across a garage that was open" and attached to a home. They walked toward the garage door and noticed keys "hooked up by the door." Robinson grabbed the keys, "but they didn't work to the cars." For "four to five minutes," the accomplice "was around . . . the corner" and "couldn't see" Robinson.

The pair left the home and "kept walking" to Wal-Mart. Robinson used a card to purchase items at the store. The accomplice admitted telling police he believed Robinson did not have authority to use the card.

The district court found that the accomplice's testimony about the burglaries was corroborated by Robinson's "possession and use of credit cards stolen from the burglary at" the home. We agree. *See State v. Dickerson*, 313 N.W.2d 526, 529 (Iowa 1981) ("A defendant's possession of property stolen in the alleged offense is corroborative evidence . . . . [T]he possession need not be exclusive."); *see also State v. Palmer*, 569 N.W.2d 614, 616 (Iowa Ct. App. 1997). Independent evidence of possession and use of a credit card was as follows.

Robinson testified that he went to Wal-Mart with the accomplice and he assisted in using certain cards not belonging to him or to the accomplice. His testimony corroborated the accomplice's testimony, notwithstanding his efforts to pin the theft of the cards on his accomplice. *State v. Bugely*, 562 N.W.2d 173, 176 (Iowa 1997) (finding evidence that the defendant possessed an item taken from a residence was corroborative of accomplice testimony and stating the defendant's innocent explanation did not "detract from the existence of the corroborating evidence"); *State v. Martin*, 274 N.W.2d 348, 350 (Iowa 1979) (stating defendants may themselves "supply the necessary corroboration").

A Waterloo police officer investigating the crimes learned that credit cards were stolen from the home with the open garage door and those cards were used at Wal-Mart. He obtained still photos of the suspects from Wal-Mart and "shared them amongst officers at the police department." One of the officers identified Robinson. A Wal-Mart employee who furnished the still photos also provided receipts from the questioned transactions. A credit union employee compared the charges detailed in the receipts to a credit card statement of the woman whose

card was stolen. He confirmed that they were one and the same. This evidence also corroborates the accomplice's testimony.

Because the record contained sufficient evidence to corroborate the accomplice's testimony, we affirm the district court's findings of guilt on both burglary charges. *See Bugely*, 562 N.W.2d at 176 ("Once the legal adequacy of the corroborating evidence is established, the sufficiency of the evidence is for the jury."); *cf. State v. Lewis*, 242 N.W.2d 711, 724 (Iowa 1976) ("A rational juror could find defendant had possession of goods recently stolen during a break in of the Dalbey service station. From this fact as well as from the evidence of surrounding circumstances, that juror could reasonably conclude defendant, beyond a reasonable doubt, was the burglar."); *State v. Thompson*, No. 18-0387, 2019 WL 5424935, at *1–3 (Iowa Ct. App. Oct. 23, 2019) (noting defendant's stipulation "to using [a] debit card he found inside [a] purse" at a residence and finding sufficient evidence to support convictions for first and third-degree burglary).

## II.    *Sentence*

Robinson takes issue with several aspects of the district court's sentencing decision. First, he notes that boilerplate language in the order of disposition does not square with the court's oral rendition of the sentence. Second, he contends the court failed to mention a number of sentencing factors. Finally, he asserts that the district court impermissibly considered a failed plea agreement. We are unpersuaded by these contentions.

Boilerplate language, "standing alone, [does] not satisfy the requirement that the district court make an on-the-record statement of reasons for imposing a particular sentence." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Here,

the boilerplate language was supplemented with an individualized statement of reasons. *See State v. Landis*, No. 17-1369, 2018 WL 6720036, at *4 (Iowa Ct. App. Dec. 19, 2018) (finding enough "original content in the sentencing court's statements to evaluate its exercise of discretion"). Although the statement did not cover every pertinent factor, it "demonstrate[d] what motivated the district court to enter a particular sentence." *Thacker*, 862 N.W.2d at 410. We discern no abuse of discretion in the court's statement of reasons. *See State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2917) (setting forth standard of review). We also find no reliance on an impermissible factor. See *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("We will not draw an inference of improper sentencing considerations which are not apparent from the record.").

We affirm Robinson's judgment and sentence.

**AFFIRMED.**